NO.
12-06-00262-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

KIMBERLY D. RIALS,        §                      APPEAL FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant
Kimberly D. Rials appeals her conviction for the felony offense of harassment
by persons in certain correctional facilities, for which she was sentenced to
three years of imprisonment.  In three
issues, Appellant contends that the evidence is neither legally nor factually
sufficient to support her conviction and that the trial court erred in its
charge to the jury.  We affirm.

 

Background

            On October
9, 2004, Lufkin Police Officer Trent Burfine went to Appellant’s home to
investigate a complaint of family violence. 
Appellant allowed Officer Burfine to enter her home, and he saw her
child in a sitting position against the wall without a chair.  Appellant told him that the child was being
punished for lying.

            Officer
Burfine discovered that Appellant had an outstanding arrest warrant for a
traffic violation, and he tried to take her into custody.  Appellant did not cooperate, and Officer
Burfine used his pepper spray on her. 
Once Appellant had been pepper sprayed, Officer Burfine was able to take
her to his vehicle, although she spat on him on the way to the car.








            Officer
Burfine transported Appellant to the Angelina County Jail.  Once there, Charlotte Griffith, a jailer in
the Angelina County Jail, helped Appellant to decontaminate herself from the
pepper spray.  Appellant was placed in a
shower and given milk to neutralize the effects of the pepper spray.  Griffith claimed that Appellant took some of
the milk into her mouth and spat it on her.

            Appellant
was indicted for harassment by persons in certain correctional facilities.  Appellant pleaded not guilty, and the case
proceeded to trial.  The jury found
Appellant guilty, and her punishment was assessed at three years of
imprisonment.  This appeal followed.

 

Evidentiary
Sufficiency

            In her first and second issues,
Appellant argues that the evidence is neither legally nor factually sufficient
to support the trial court’s judgment. 
Specifically, Appellant argues that she did not spit on Griffith, or
that if she did, it was an accident. 

Legal Sufficiency

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781,
2786-87, 61 L. Ed. 2d 560 (1979); Escobedo v. State, 6 S.W.3d 1,
6 (Tex. App.–San Antonio 1999, pet. ref’d). 
The standard for reviewing a legal sufficiency challenge is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Johnson v.  State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993).  The evidence is
examined in the light most favorable to the jury’s verdict.  Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

            The
sufficiency of the evidence is measured against the elements of the offense as
defined by a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234,
240 (Tex. Crim. App. 1997).  Such a
charge would include one that “accurately sets out the law, is authorized by
the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant was tried.”  Id.

            As
limited by the indictment against Appellant, a person commits the offense of
harassment by persons in certain correctional facilities if, with the intent to
harass, alarm, or annoy while imprisoned or confined in a correctional or
detention facility, the person causes another person to contact the saliva of
the actor or causes a public servant to contact the saliva of the actor while
the public servant is lawfully discharging an official duty.  Act of June 20, 2003, 78th Leg., R.S., ch.
1006, 2003 Tex. Gen. Laws 2948 (amended 2005) (current version at Tex. Penal Code Ann. § 22.11(a)(1)
(Vernon 2006)). 

            The
record reflects that Appellant was brought to the Angelina County Jail where
Griffith, a jailer, assisted Appellant with the pepper spray decontamination
process.  Griffith testified that
Appellant put milk in her mouth and then spat at her.  According to Griffith, she was standing five to
six feet away from Appellant when Appellant spat the milk directly at her.  Griffith believed that Appellant
intentionally spat on her.  Further, once
Appellant left the decontamination shower, Griffith told Officer Burfine that
Appellant had spat on her.  Griffith
testified that Appellant’s actions bothered her.  

            Examining
the evidence in the light most favorable to the jury’s verdict, we conclude
that the jury could have determined beyond a reasonable doubt that Appellant
committed the offense of harassment by persons in certain correctional
facilities.  Thus, we hold that the
evidence was legally sufficient to support the trial court’s judgment.  Appellant’s first issue is overruled.

Factual Sufficiency

            Turning
to Appellant’s contention that the evidence is factually insufficient to
support the trial court’s judgment, we must first assume that the evidence is
legally sufficient under the Jackson standard.  See Clewis v. State, 922 S.W.2d
126, 134 (Tex. Crim. App. 1996).  We then
consider all of the evidence that tends to prove the existence of the elemental
fact in dispute and compare it to the evidence that tends to disprove that
fact.  See Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997).  Although we are authorized to disagree with
the jury’s determination, even if probative evidence exists that supports the
verdict, see Clewis, 922 S.W.2d at 133, our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  Santellan,
939 S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine our confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see
also Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App.
2006) (Evidence is factually insufficient only when reviewing court objectively
concludes that the great weight and preponderance of the evidence contradicts
the jury’s verdict.).

            Here,
Appellant testified that she never put milk in her mouth and did not remember
spitting.  She further claimed that if
she spat on Griffith, she did not do so intentionally.  She also claimed that she was concerned about
how the pepper spray would affect her because she had asthma.  While she admitted to being concerned and
panicked because of the situation, and angry with Officer Burfine, Appellant
claimed that she had no ill feelings toward Griffith, and thus, had no reason
to, and did not, intentionally spit on her.

            Nonetheless,
we must consider this evidence in the context of the record as a whole.  Griffith claimed that Appellant put milk in
her mouth.  Griffith further claimed that
Appellant intentionally spat at her. 
Further, Officer Burfine testified that the pepper spray had little
effect on Appellant and that Appellant continued to curse and yell at Officer
Burfine even after he used the pepper spray on her.  Officer Burfine testified that Griffith told
him that Appellant had spat on her during the decontamination process.  As such, we conclude that the jury could have
reasonably found that Appellant committed the offense of harassment by persons
in certain correctional facilities.  See
Wesbrook, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (generally
jury determines weight to give testimony of a witness and resolution of any
conflicts in the evidence); Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986) (jury may believe all, some, or none of a witness’s
testimony).

            Our
review of the entirety of the record, with consideration given to all of the
evidence, both for and against the jury’s finding, has not revealed any
evidence that causes us to conclude that the proof of guilt is so obviously
weak or is otherwise so greatly outweighed by contrary proof as to render
Appellant’s conviction clearly wrong or manifestly unjust.  Therefore, we hold that the evidence is
factually sufficient to support the trial court’s judgment.  Appellant’s second issue is overruled.

Error in the
Jury Charge

            In her third
issue, Appellant argues that the jury charge improperly authorized a conviction
on a theory not supported by law.  The
State concedes that the charge erroneously included an impermissible theory of
liability, but argues that the error does not rise to the level of egregious
harm.

            In criminal
jury trials, the trial court must deliver “a written charge distinctly setting
forth the law applicable to the case.”  Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2006).  Because the charge
instructs the jury on the law applicable to the case, it must contain an
accurate statement of the law and set out all essential elements of the
offense.  Dinkins v. State,
894 S.W.2d 330, 339 (Tex. Crim. App. 1995). 
A jury charge that tracks the language of the statute properly sets
forth the law applicable to the case.  See
Casey v. State, 215 S.W.3d 870, 886–87 (Tex. Crim. App. 2007). 

            Appellant
and the State are mistaken about which version of the statute applies to this
case.  The trial court instructed the
jury that they could convict Appellant if they found that she acted with the
intent to “harass, alarm, or annoy” the victim. 
The present version of the statute provides that it is an offense for
certain confined persons to cause another person to come into contact with
saliva if the actor had the intent to “assault, harass, or alarm” the
victim.  See Tex. Penal Code Ann. § 22.11
(Vernon 2006).  However, the version of
the statute in effect for this case contains the “harass, alarm, or annoy”
language.  See Act of June 20,
2003, 78th Leg., R.S., ch. 1006, 2003 Tex. Gen. Laws 2948 (amended 2005).  The legislature replaced the word “annoy” in
2005 and rearranged the statute, but the legislature continued in effect the
previous version of the offense for offenses committed before September 1,
2005.  See Act of June 17, 2005,
79th Leg., R.S., ch. 543, §§ 2, 5, 2005 Tex. Gen. Laws 1467–68.  This offense was complete before September 1,
2005, and the indictment was returned in January 2005, well before the date of
amendment.  Therefore, the 2003 version
of the statute controls this litigation. 
As such, the trial court’s jury charge tracked the statute and was an
accurate statement of the law.  We
overrule Appellant’s third issue.

 

Disposition

            Having
overruled Appellant’s first, second, and third issues, we affirm
the trial court’s judgment.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

Opinion delivered June 29,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)